## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

STEPHON L. TRAMBER                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 4:12CV-P31-M

ANGIE PLEASANT MTA *et al.*                                            DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Stephon L. Tramber filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  This

matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the action

will be dismissed.

## I.  SUMMARY OF CLAIMS

Plaintiff, a convicted inmate currently incarcerated at the Roederer Correctional Complex,

brings suit against the following Defendants at the Hopkins County Jail (HCJ):  Angie Pleasant,

"MTA"; Dr. Towns, M.D.; and Jailer Joe Blue.  He sues Defendants in their individual and official

capacities and seeks monetary and punitive damages and injunctive relief.

According to the complaint, on January 27, 2012, at approximately 11:00 a.m., Plaintiff

was asked for a list of his allergies; physical, mental, and medical conditions; and medications.  He

indicated that he was allergic to fish, beans and "leafs."  He listed his conditions as "anemic (low

iron and metals); Cystic Fibrosis, OCD; ADHD; M.P.D.; PTSD; M.D; and as[th]ma, chronic

brouncitiss, hemroids."  He said that he was sent to HCJ with the following medications:  "Advair,

Abuoterol, vitamins, colace, sepositories, Cholondine, Prozac, Zoloft, Aderol, Riddlin, Elavil,

Lithium, Ultrama."

Plaintiff reports that at noon he received a "chow tray" with beans and a burrito on it.  He

informed a deputy about the mishap but was told he was not getting another tray or anything else

to eat and to either eat the beans and burrito or not.  Plaintiff said that he chose to eat, and then 15 minutes later, "I informed a deputy I need the nurse, and was told, I would not talk to or see the nurse or medical.  To deal with the problem."  At 6:30 that evening, trays were passed out containing "Beans, Greens beans, peas, cake."  Plaintiff states that he was told that it was all he was receiving, to eat it or not, and he would not get medical attention.  He said that he was denied medical help and appropriate food during his stay at the HCJ.

Plaintiff further claims that beginning on January 27, 2012, he was told that he would not get his Prozac and Zoloft, or any other medication, or any medical or psychological treatment.  He states that he was told that he would not receive his Prozac or Zoloft "Because I was supposed to have Horottid my medications, without any type of proof, or any court call of due processing.  I'd received no inmate incident report, or an disciplinary action form or due processing on this matter."

Plaintiff alleges "cruel and unusual punishment, inhumane treatment, involuntary treatment, no due processing, right to life and medical deprivation."

The record reflects that Plaintiff was transferred from the HCJ on March 5, 2012.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court

3

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Cruel and Unusual Punishment

The Supreme Court has held that the Eighth Amendment prohibition against cruel and punishment "prohibits punishments which, although not physically barbarous 'involve the unnecessary and wanton infliction of pain' . . . . " *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). To establish an Eighth Amendment violation premised on unconstitutional conditions of confinement, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *Id.* at 347; *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Hudson v. McMillian*, 503 U.S. 1. This component is contextually driven and is "responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. at 347. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. at 832 (citations omitted).

The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03. "'[A]cting or failing to act with

4

deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Street v. Corr. Corp. of Am.*, 102 F.3d at 815 (quoting *Farmer v. Brennan*, 511 U.S. at 836).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38 (citations omitted).

Plaintiff alleges cruel and unusual punishment due to denial of medical/psychological treatment, medications, and a diet that takes into account his food allergies.  However, he fails to attribute any wrongdoing to any named Defendant or mention any named Defendant in his statement of claim.  Moreover, despite his claims of denied medical treatment and medication, he alleges no harm or injury from this denial, and he has not alleged a "'detrimental effect of the delay in medical treatment.'" *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).  As to his claim that he was forced to eat meals containing foods to which he is allergic, he again fails to indicate any harm as a result.  Further, Plaintiff transferred away from the HCJ a little over a month after the denials began.  Because Plaintiff has failed to show that any named Defendant had a sufficiently culpable state of mind under the Eighth Amendment, failed to allege harm, and has since been transferred to another facility extinguishing any threat of future harm, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.

**B.  Due Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Plaintiff reports, "I was told I would no longer receive my Prozac or Zoloft; Because I was supposed to have horottid my medications, without any type of proof, or any court call of due processing.  I'd received no inmate incident report, or an disciplinary action form or due processing on this matter."

"Property interests . . . are not created by the Constitution."  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  "Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Id.*  Plaintiff has alleged no such state rule or other source creating a property interest in medication.  *See, e.g.*, *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997) ("After careful review of both of the statutes [pertaining to the provision of medical care to prisoners] offered by Ledford, we conclude that Ledford lacks a substantive property right in his medication."); *see also Med Corp. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) ("[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary.").

"[T]he Due Process Clause itself confers a liberty interest in certain situations."  *Sandin v. Connor*, 515 U.S. 472, 479 n.4 (1995) (citing *Vitek v. Jones*, 445 U.S. 480 (1980) (finding liberty interest, irrespective of state regulation, in freedom from involuntary transfer to a state mental hospital) and *Washington v. Harper*, 494 U.S. 210 (1990) (finding, independent of any state

regulation, an inmate had a liberty interest in being protected from the involuntary administration of psychotropic drugs)).  States also may create protected liberty interests.  *Sandin v. Connor*, 515 U.S. at 483-84.  "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.  In determining whether changes to a prisoner's conditions of confinement implicate a cognizable liberty interest, courts must consider "the nature of the more-restrictive confinement *and* its duration in relation to prison norms and to the terms of the individual's sentence."  *Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008).

Plaintiff has failed to establish a protected liberty interest.  He mentions "involuntary treatment" in his complaint.  The Court presumes he means that an unidentified person(s) at the jail discontinued his medication without his consent.  This is not the same situation, however, as being involuntarily transferred to a mental hospital or involuntarily administered psychotropic drugs.  Further, Plaintiff fails to allege how the discontinuance of his medication has restrained his liberty or imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life, especially given the short duration.

For the foregoing reasons, Plaintiff has failed to demonstrate the deprivation of a protected property or liberty interest that would entitle him to the procedural due process protections.  His due process claim will be dismissed.

### C.  *Jailer Blue*

To the extent Plaintiff seeks to hold Defendant Blue liable based on his position as the Hopkins County Jailer, the doctrine of *respondeat superior*, or the right to control employees, does

not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  As already mentioned, Plaintiff fails to plead any specific wrongdoing committed by Defendant Blue.

For these reasons, the Eighth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted.

### D.  Injunctive Relief

As injunctive relief, Plaintiff requests a transfer, medical treatment, and parole.

As to his requests for a transfer and medical treatment at HCJ, an inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility.  *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).  Here, Plaintiff is no longer incarcerated at HCJ.  Thus, his requests for a transfer from and treatment at HCJ are moot and will be dismissed.

8

As to his request for parole, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In seeking parole, Plaintiff is seeking an immediate or speedier release from custody. The § 1983 claim, therefore, cannot lie.

For the reasons set forth more fully above, the Court will enter a separate Order dismissing the instant action.

Date: October 2, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.005

9